STATE of Minnesota, Respondent,

v.

Richard GLAD, III, Appellant.

No. C5–85–2037.

Court of Appeals of Minnesota.

Feb. 11, 1986.

Review Denied March 21, 1986.

———

Hubert H. Humphrey, III, Atty. Gen., Janet Newberg Anderson, Sp. Asst. Atty. Gen., St. Paul, Dennis M. Sobolik, Kittson Co. Atty., Hallock, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

Appellant Richard Glad pleaded guilty in 1983 for the burglary of a cafe in Lancaster, Minnesota. The trial court sentenced appellant to 18 months, stayed execution, and placed appellant on probation for five years. Conditions of probation included payment of $630.78 restitution, $500 reimbursement to the public defender fund, $50 surcharge, and a $5 law library fee. On August 12, 1985, appellant was found in violation of probation for committing a new felony and failing to fulfill obligations to pay the restitution and the court costs. The court executed his sentence and indicated that his obligation to pay all costs remains in full force. On appeal, appellant challenges the continuing obligation to pay these costs.

### DECISION

Appellant never raised the issue of his continuing obligation to pay court fees at the trial court level. Instead, at the revocation hearing, the trial court told appellant that "going to prison doesn't pay your financial obligations, you still owe it." We will not consider issues raised for the first time on appeal. *State v. Hanley*, 363 N.W.2d 735, 740 (Minn.1985). However, the State concedes that appellant's obligation to pay the restitution and reimburse the public defender fund terminated upon execution of sentence. In the interests of justice, we remand to the trial court to allow appellant an opportunity to raise his claims.

Remanded.